JOYCE RAGAN, d/b/a Ragan's Yamaha Sales, Plaintiff-Appellee and Cross-Appellant, v. HAROLD WILLIAMS, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 5—90—0824

Opinion filed October 8, 1991.

Robert W. Wilson and Alexander M. Wilson, both of Evans & Dixon, of Edwardsville, for appellant.

John L. Chullen, of John L. Chullen Law Offices, of Benton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Harold Williams, drove his automobile into a parked car owned by plaintiff, Joyce Ragan, d/b/a Ragan's Yamaha Sales. Plaintiff sued him for negligence and won a jury verdict of $3,000. Defendant then moved to obtain a credit against that verdict in an amount equal to sums which his insurance company had allegedly paid on plaintiff's behalf for the repair of her car and for the rental car charge she had incurred while her car was being repaired. Plaintiff, in turn, filed a motion asking the court to order an *additur* of $714 or, in the alternative, a new trial. Following a hearing, the circuit court entered judgment on the jury's verdict. Both the credit sought by defendant and the *additur* requested by plaintiff were denied. Defendant now appeals. Plaintiff cross-appeals. We affirm.

In his effort to obtain credit against the jury's verdict, defendant submitted to the court two exhibits consisting of photocopies of checks issued by General Accident Insurance. The largest check, for $2,680.61, was made payable to Ike Nissan in Carbondale, Illinois. The check indicated that it was for property damage which occurred on September 7, 1987, which was the date of the accident

giving rise to this litigation. The claimant's name was given as Mike Ragan, not Joyce Ragan, and the insured was identified as Edwin Williams, not Harold Williams. The second check likewise indicated that it was for property damage for a loss occurring on September 7, 1987, that the insured's name was Edwin Williams, and that the claimant's name was Mike Ragan. It was made payable to W-G Motors, Inc., and was for the sum of $858. Along with these two exhibits, defendant submitted an affidavit from John J. Lynch. Lynch's affidavit stated simply:

"1. The law firm of Evans & Dixon is counsel of record for defendant.

2. General Accident Insurance Company paid $2680 to Ike's Nissan for repair work done to the 1983 Buick Riveria [*sic*] owned by Mrs. Ragan after the accident of September 7, 1987. Said repair work was paid by the insurance company on October 16, 1987.

3. Likewise, General Accident Insurance Company has paid bills of $858 in car rental charges incurred by Mrs. Ragan after her accident of September 7, 1987. I have nothing further to add."

At trial there was considerable confusion as to how exactly defendant's claim for credit should be handled. Defendant sought to have his exhibits and the associated affidavit placed into evidence during the course of the trial but kept from the jury. The circuit court felt that the better course was to reserve the question of a possible credit until after a jury verdict was returned. Plaintiff did not object at trial to this procedure, and we know of no authority which suggests that it was improper. To the contrary, the courts have held that where a prevailing plaintiff has allegedly received advance payments from the defendant's insuror prior to judgment, the proper method for obtaining credit for those advance payments is through a post-judgment motion. *Klier v. Siegel* (1990), 200 Ill. App. 3d 121, 128-29, 558 N.E.2d 583, 588-89.

■■ The sole reason the circuit court denied defendant the credit he claimed here was that his evidence was inadequate. We agree. The photocopies of the checks are pure hearsay, and no evidence was adduced which would place them within any of the exceptions to the hearsay rule. In any case, they scarcely prove that payments were made to compensate plaintiff for her loss as defendant contends. They do not even mention any of the parties to this litigation.

Defendant evidently hoped to overcome this evidentiary gap through the affidavit of Lynch, but that too is pure hearsay. Moreover, although it states that certain sums were paid by General Accident Insurance Company to compensate plaintiff for her loss, we are never told how the affiant knows this. He does not purport to be a representative of the insurance company. His name does not appear on the checks. He does not even identify himself as a member of the law firm representing defendant. Lynch's affidavit therefore does not provide an adequate foundation for consideration of the checks. Accordingly, the circuit court was correct in refusing to allow defendant a credit for any prejudgment payments made to plaintiff based on this evidence.

We also believe that the circuit court correctly denied plaintiff's post-trial motion for *additur*. *Additur* is a practice which should be sparingly indulged and should never be adopted except in clear cases. It is unavailable where unliquidated tort damages are at issue. (*Hladish v. Whitman* (1989), 192 Ill. App. 3d 561, 565, 549 N.E.2d 5, 8.) This is such a case. The actual damage sustained by plaintiff was far from clear. She did not proffer itemized bills or receipts but merely put into evidence various estimates and approximations as to the damage proximately caused by the accident and the cost to repair it. These were matters for the jury to resolve, and there is nothing before us to show that its ultimate verdict was the product of some "evident miscalculation or mistake." 192 Ill. App. 3d at 566, 549 N.E.2d at 8.

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

RARICK, P.J., and HOWERTON, J., concur.